(No. 24700.—<span></span>

EDWARD WAGNER *et al.* Appellees, *vs.* THE RETIREMENT
BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT
FUND OF THE CITY OF CHICAGO, Appellant.

*Opinion filed Oct. 17, 1938—Rehearing petition stricken Dec. 8, 1938.*

BARNET HODES, Corporation Counsel, and GEORGE F. MULLIGAN, (ANGUS ROY SHANNON, and RAYMOND A. CAVANAGH, of counsel,) for appellant.

JAMES W. BREEN, (JOHN H. GALLAGHER, of counsel,) for appellees.

Per CURIAM : Three hundred twenty-six former members of the police department of the city of Chicago, who had retired on pensions prior to January 1, 1922, filed in the superior court of Cook county a petition for a writ of *certiorari,* directed to the Retirement Board of the Policemen's Annuity and Benefit Fund of the city of Chicago and the members thereof. The petitioning pensioners requested the certification of the records, papers, documents, letters, orders, resolutions and files connected with or related to the action of the retirement board bearing upon the application of the petitioners for the payment of their pensions, pursuant to the provisions of an act of the General Assembly providing for the setting apart, formation and disbursement of a police pension fund in cities having a population exceeding 200,000 inhabitants, in force July 1, 1915, as amended by an act in force July 1, 1937. (Ill. Rev. Stat. 1937, chap. 24, pp. 573-577.) The retirement board had refused the application of the pensioners. The relief sought was that the action of the retirement board, if found to be contrary to law, should be set aside and de-

clared null and void. The writ issued and a return thereto was made and filed, showing the substance of correspondence between the corporation counsel of the city of Chicago and the retirement board, proceedings of the retirement board relative to the application of the petitioners for increased pensions pursuant to the act, evidence of the liability of the city of Chicago on account of pensions and prior service of policemen for the years 1922 to 1936, inclusive, statements of amounts of taxes collected, pensions, annuities and benefits paid, and the names and addresses of the pensioners. The respondent retirement board moved to quash the writ. The validity of the amendatory act of the General Assembly in 1937 was questioned in the court below. The court held the act was valid and that it was the duty of the retirement board to comply with its terms. The court found that the retirement board had sufficient funds available from which to pay the increased pensions provided for the petitioners by the amendatory act of 1937, and the board was directed to grant the petitioners an increase in the amount of their pensions as provided by the act. A constitutional question being involved, the appeal was prosecuted to this court.

Three principal contentions are made by the appellant: (1) That the amendatory act of 1937 is invalid; (2) that the court erred in its finding of facts as to the sufficiency of funds in the possession of the retirement board from which to pay the increased pensions; and (3) that the act deprives persons of property without due process of law.

A police pension fund for disabled policemen in cities and villages was first created in 1877 and thereafter, in 1887, an act was passed providing for the setting apart, formation and disbursement of a police pension fund in cities, villages and incorporated towns. Under the latter act a member of the police department of the city of Chicago who had completed a service of twenty years, or who might have been injured in consequence of the perform-

ance of police duties, was entitled to a pension equal to one-half of the salary attached to his rank. In 1915 the legislature passed an act having the same purpose as that of 1887, applicable to cities having a population in excess of 200,000. Thereafter, by amendment of the act of 1915 and by the enactment of new legislation, more liberal provisions were adopted in favor of police pensioners. One of these acts was the Policemen's Annuity and Benefit Fund act, passed in 1921, and operative January 1, 1922. The act contained sixty-two sections and for the most part superseded the act of 1915 as to the acquisition and administration of police pension funds. Trustees, called the "Retirement Board," administered the fund. A tax levy of one and six-tenths mills on the dollar on the assessed valuation of all taxable property in the city from which revenue would be derived for the fund was provided. Deductions of various amounts under specified conditions were to be made not only from the salaries and wages of policemen employed at the time of the passage of the act but from the salaries and wages of future entrants, to be continued until they should attain the age of fifty-seven years. Section 50 of the act provided that it was the intention of the act that the annuity and benefit fund which it provided should supersede any pension fund by virtue of the Police Pension Fund act of 1915, as subsequently amended, "at the time this act shall come in force and effect in such city." If any police pension fund previously created should then be in operation it was to be transferred to the retirement board created by the act of 1921.

In 1927 the legislature passed six separate amendatory acts affecting police pensions, annuities and benefits for pensioners in cities having a population in excess of 200,000 inhabitants. One amended sections 3 and 4 of the Police Pension Fund act of 1915. It provided for an increase in the pensions of policemen of the various ranks of the department, effective upon retirement or becoming physically

disabled. Section 9 of the act of 1915 was amended to increase the deductions from policemen's salaries or wages from two per cent to two and one-half per cent monthly. Section 11 of the act of 1921 was amended to provide for the levy of a tax by the city of not more than one and seven-tenths of a mill on the dollar on all taxable property of the city, for a certain period. Section 50, though amended in certain particulars, continued that part of the provision of the act of 1921 relative to superseding prior acts. The act of 1927 superseded the earlier acts.

In 1937 sections 3 and 4 of the act of 1915 were amended. (Ill. Rev. Stat. 1937, p. 574.) Section 3 provides: "Whenever any person has been appointed and sworn as a probationary or regular policeman in any such city, and has served for a period of twenty (20) years or more as such policeman in the police force of any such city, or where the combined years of service of such person in the police department and fire department of any such city has aggregated twenty (20) years or more, and such person has arrived at the age of fifty (50) or more years and he has made application to said board for retirement, and has been retired previous to January 1, 1922, and who is now on the police pension roll, shall be paid by the retirement board, from the annuity and benefit fund created and maintained by 'An act to provide for the creation, setting apart, maintenance and administration of a policemen's annuity and benefit fund in cities having a population exceeding two hundred thousand inhabitants,' approved June 29, 1921, as amended, a yearly pension as follows:" Then follows the increased allowances to policemen of the various ranks named, and the section continues: "Any policeman pensioned in accordance with the provisions of this section shall, after the effective date of this act, report to or communicate with the head of the police department of such city at once for assignment to the performance of such police duties as the said head of the police department may

in his discretion determine; and it shall be the duty of any policeman in accordance with the provisions of this section to report for assignment, to the performance of such duties, whenever the head of the police department of any such city may in his discretion request him to do so." The remainder of the section, as amended, and section 4, need not be set forth.

The Police Pension Fund act of 1915, as amended, and the Policemen's Annuity and Benefit Fund act of 1921, as amended, are both still in force in certain respects, though the 1915 act was for the most part superseded by the act of 1921, especially as to the administration of pension funds, and both have been subsequently amended. The act of 1927, wherein it purported to authorize increases in the amounts of the pension in excess of the amounts allowed policemen by the laws in force at the time of their respective retirements, was held unconstitutional in *Porter* v. *Loehr*, 332 Ill. 353. In that decision it was stated that the amendatory acts increasing the pensions of retired policemen did not contemplate the rendition of additional services by the pensioners. They were paid when they performed their services, and the amounts of their pensions were fixed by law when they retired; that the increases were not granted for services to be performed by the pensioners, but had as their sole basis or justification the services which they rendered prior to their retirement; that the obligations which the performance of those services imposed upon the public had been fully discharged; that no obligation, either legal or moral, to pay more than the stipulated compensation arises where no additional services have been or will be rendered, and that the increases provided constituted an extra allowance for past services, forbidden by section 19 of article 4 of the constitution.

The amendatory act of 1937 differs from the amendatory act of 1927 in that, while it increases the pensions of policemen pensioned prior to January 1, 1922, it also pro-

vides that any policeman pensioned in accordance with the provisions of the amendatory act shall report to or communicate with the head of the police department of such city at once for assignment to the performance of such police duties as the head of the police department may, in his discretion, determine. It is contended on behalf of the pensioners that this provision obviates the objections made to the amendment of 1927 which rendered it invalid; that by the latter amendment further service of retired policemen is contemplated, and that this fact justifies the increase. The only definite requirement of the amendatory act of 1937 is that the pensioners, (those retired on pensions prior to January 1, 1922,) report to or communicate with the head of the police department of the city for assignment to the performance of such duties as the head of the police department may, in his discretion, determine. The petitioners became pensioners more than fifteen years previous to the effective date of the amendment in question. Manifestly, a large majority of those previously pensioned would not be as fit for police duty as when they retired from the service, and as many of them, even if they reported to the head of the police department, could not be assigned to active duty, they would receive no assignment. There is no provision in the amendatory act for other than active duties. There is, however, no requirement for actual service, and no penalty is provided for a refusal or neglect to render actual services, if requested, not even to the extent of terminating the payment of the amount of the increase if the petitioner fails to respond for assignment. There are no separate duties provided for pensioners as non-active members of the department, and no provision that by the act of reporting or communicating and receiving an assignment such petitioners again become active members of the police department, amenable to the rules and regulations in force applicable to active policemen. It is asserted that the record discloses that upon the taking effect of the amend-

atory act of 1937, the pensioners, prior to demanding compliance by the retirement board with the amendatory act, reported to the commissioner of police for such duties as he might determine. The act as to such persons could not be made effective merely by a technical formal report or communication to the head of the police department. Such an act would render section 19 of article 4 of the constitution practically meaningless.

Section 35 of the Policemen's Annuity and Benefit Fund act of 1921 provided that if any policeman who should become a pensioner of any police pension fund in operation in the city at the time the act became effective, should re-enter the service, the payment of the annuity or pension granted to such policeman from such pension fund should be suspended while he was in the service, but should be resumed when he resigned or was discharged from the service. That provision is still in force. (Ill. Rev. Stat. 1937, par. 979, p. 622.) Under the attempted amendatory act of 1937 a policeman assigned to active duties would still be a pensioner and entitled to the increased amount. The two provisions are conflicting.

Section 6(g) of the act of 1921, as amended in 1925, provided that the retirement board should have the power, and it should be its duty, to authorize the payment of any annuity, pension or benefit whether such annuity, pension or benefit "was or shall be granted under and by virtue of the provisions of this act, or under and by virtue of the provisions of any other act or acts relating to police pensions, heretofore in force and effect in such city and which have been superseded by this act." (Laws of 1925, p. 213.) Section 50 of the act of 1921 provided that annuities, pensions and other benefits should thereafter be paid from the annuity and benefit fund (other previous funds having been transferred to the later fund) "according to the law or laws under which such annuities, pensions or other benefits were allowed." The legislature evidently intended that the adop-

tion of the payment provision of the act of 1915 by reference in the act of 1921, should be an adoption of such portion of the act of 1915 as it existed in 1921, the time of its adoption. An act or amendment adopting portions of another act or amendment takes the adopted statute as it exists at the time of the passage of the adopting act, and does not include subsequent additions or modifications of the statute so taken. (*People* v. *Kramer,* 328 Ill. 512; *People* v. *Crossley,* 261 id. 78.) The power of the retirement board to authorize the payment of a pension granted under the act of 1915, as amended, is specifically limited to a pension granted under any other act or acts relating to pensions "heretofore in force and effect in such city." No power was given to the board to authorize the payment of a pension under any later amendment of the act of 1915, but only under the act as it stood at the time it was superseded by the act of 1921.

It is contended on behalf of the retirement board that in order to carry out the provisions of the amendatory act of 1937, the retirement board would be obliged to ignore the present provision of section 6(g) which limits the power of the board to pay pensions of policemen retired prior to January 1, 1922, according to the act heretofore mentioned, and also to ignore section 50, being of similar import. The amendatory act of 1937 does not purport to amend the act of 1921, as amended in 1925, but it is inconsistent with sections 6(g) and 50 of the Policemen's Annuity and Benefit Fund act. It is admitted by the petitioning pensioners that the amendment of sections 3 and 4, read in conjunction with sections 1, 2, 5, 6, 7, and 8 of the act of 1915, constitutes a full and complete act, but they contend that their rights are ascertainable therefrom without reference to any other act. They cite certain cases where a new act or amendment merely incorporated a former act, or added to it, or referred to it, but in each instance the amending act was not inconsistent with the act then in force. There is no

objection to incorporating another act in a new act or amendment by reference. (*People* v. *Hanson*, 330 Ill. 79.) The cases cited are not applicable to the situation presented in this case, where the amending act is inconsistent with prior statutes. If an act purports to be complete in itself, but is, in effect, an attempt to amend prior statutes without inserting the amended sections at length in the new act, the amendment is in violation of section 13 of article 4 of the constitution of 1870. *Hollingsworth* v. *Chicago and Carterville Coal Co.* 243 Ill. 98.

It is unnecessary to consider the other questions. The amendatory act is incomplete and uncertain. A law must be complete in all its terms and conditions when it leaves the legislature, so that every person may know, by reading the law, what his rights are and how it will operate when put into execution. (*Mayhew* v. *Nelson*, 346 Ill. 381; *People* v. *Rogier*, 326 id. 310; *People* v. *Election Comrs.* 221 id. 9.) For the various reasons stated the amendatory act in question is invalid.

The judgment of the superior court is reversed.

*Judgment reversed.*