(No. 25015.—

Douglas C. Ridgley, Appellee, *vs.* The Board of Trustees of State Institutions Teachers' Pension and Retirement Fund, Appellant.

*Opinion filed April 17, 1939—Rehearing denied June 8, 1939.*

John E. Cassidy, Attorney General, and John B. Harris, for appellant.

A. M. Fitzgerald, and Walter T. Day, for appellee.

Mr. Justice Orr delivered the opinion of the court:

The interpretation and constitutionality of section 16 of "An act to create and administer State Institutions

Teachers' Pension and Retirement Fund" as amended July 13, 1937, is involved in this appeal from the circuit court of Sangamon county. (Ill. Rev. Stat. 1937; chap. 122, par. 630.) Section 16, prior to amendment in 1937, established a maximum pension of four hundred dollars per year for each teacher of fifty years or older who retired from service in State institutions after twenty-five years of teaching. The amendatory act provided that any such teacher who had taught for twenty-five years or more and was seventy years of age, should receive an annuity of six hundred dollars, provided he or she paid the sum of two hundred dollars into the State institutions teachers' pension and retirement fund.

In this suit, Douglas C. Ridgley, of Bloomington, brought an action of *mandamus* to compel the board of trustees of the pension fund to increase his pension from four hundred dollars to six hundred dollars as provided in the act. He alleged he had reached the age of seventy, had taught for more than twenty-five years in the public schools of this State, and had retired from teaching at the Illinois State Normal University in 1922, with an annuity of four hundred dollars. He further alleged he had made written application for an increase to six hundred dollars and had made tender of two hundred dollars, with interest, as required by the 1937 amendment to section 16, and that respondent had rejected his tender and refused to increase his pension. The petition prayed for issuance of a writ of *mandamus* to compel respondent to certify his name to the Auditor of Public Accounts as one entitled to the increase. The board of trustees filed a motion to dismiss the petition which was denied by the trial court. The board elected to stand on its motion and a peremptory writ was issued.

The same issues as are here presented were passed upon by this court in *Raines* v. *Board of Trustees of Pension Fund,* 365 Ill. 610. In the *Raines case,* section 26 of "An

act in relation to an Illinois State Teachers' Pension and Retirement Fund" had been amended exactly as has section 16 of "An act to create and administer State Institutions Teachers' Pension and Retirement Fund," which is in issue here. In that case, as here, the Attorney General contended that the amended act, increasing teachers' pensions, applied only to persons who retired after the date of the amendment, and that when construed to apply to teachers already retired it violated section 19 of article 4 of the State constitution prohibiting the granting of extra compensation after services have been rendered. Rejecting these contentions, we held the amendatory act applied to teachers already retired and, so construed, it did not violate section 19 of article 4 because a retirement fund maintained by optional contributions is in the nature of a contractual annuity. The Attorney General attempts to distinguish the case at bar from the *Raines case* by urging that the payments made by Ridgley to the State institutions' pension fund were compulsory rather than optional. But this is not true. The statute under which Ridgley made his payments to the pension fund expressly provides that any person employed as a teacher in a State institution on the effective date of the act (June 14, 1917) is not compelled to make contributions, (Ill. Rev. Stat. 1937, chap. 122, par. 620,) but may elect to do so. (Ill. Rev. Stat. 1937, chap. 122, par. 623.) Ridgley was a teacher at the Illinois State Normal University on the effective date of the act. Therefore his payments to the fund were voluntary. As no other distinctions are suggested the rule announced in the *Raines case* will be adhered to.

The judgment is affirmed.           *Judgment affirmed.*