(No. 32145.—

Arthur H. Krebs, Appellant, *vs.* Board of Trustees of Teachers' Retirement System *et al.,* Appellees.

*Opinion filed November 27, 1951.*

Giffin, Winning, Lindner & Newkirk, of Springfield, (Montgomery S. Winning, and C. Terry Lindner, of counsel,) for appellant.

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, A. Zola Groves, N. E. Hutson, and R. W. Deffenbaugh, of counsel,) for appellees the Board of Trustees *et al.;* Gillespie, Burke & Gillespie, of Springfield, (Hugh J. Dobbs, of Springfield, and Charles S. Thomas, of Rockford, of counsel,) for certain other appellees.

Mr. Justice Maxwell delivered the opinion of the court:

This is a taxpayer's suit filed by leave of court in the circuit court of Sangamon County for the purpose of determining the constitutionality of sections 25-50.1 and 25-55.1 of the School Code. Ill. Rev. Stat. 1949, chap. 122, pars. 25-50.1 and 25-55.1.

The plaintiff sought to enjoin the Board of Trustees of Teachers' Retirement System of the State of Illinois, the Superintendent of Public Instruction, the Auditor of Public Accounts and the State Treasurer from approving and paying out of public funds, appropriated to the Auditor of Public Accounts for the Teachers' Retirement System, the age retirement and disability allowance increases which said sections purport to authorize for teachers who were retired prior to these amendments. Illinois Retired Educators' Association, a corporation, and one Ada Waldo were permitted to intervene as defendants in the court below as representatives of the retired public-school teachers eligible for such increases. The pertinent pleadings consist of the plaintiff's complaint, the answers of all the defendants, including the intervening defendants, and the plaintiffs' motion for a decree on the pleadings. No question of fact is raised by the pleadings and the only issue presented is whether sections 25-50.1 and 25-55.1 of the School Code are constitutional.

The trial court, upon the hearing of the motion of the plaintiff for a decree on the pleadings, found that said sections were valid and constitutional and denied plaintiff's motion. The plaintiff elected to stand by his complaint and motion, and thereupon the court entered a final decree dismissing the complaint for want of equity. The plaintiff thereupon perfected his appeal to this court.

The amendatory act, of which these two sections are a part, became effective July 22, 1947. Section 25-50.1 provides that any person who, on June 30, 1947, was en-

titled to an age retirement allowance under the system, had rendered 25 years service and had attained the age of 60 years, or thereafter attained that age, could have their allowance increased from $400 to $700, plus an additional increase for each year above 60, with a maximum of $1000, by the voluntary payment to the system of the sum of $300, plus interest at 3 per cent from said June 30, 1947. Section 25-55.1 provided for an increase in disability allowances by a similar voluntary payment to the system of a stated sum by a recipient of a disability allowance.

The complaint alleges that, within 60 days after this amendment became effective, more than 2000 retired teachers complied with the contribution requirements and thereby qualified for increases from $400 to a minimum of $700 and a maximum of $1000, that these increases had been allowed and paid by defendants, that each person who had qualified under the amendment had received an increase of not less than $300 per year, and therefore each person qualifying had already received not less than $750 since the effective date of the act, and would continue to receive said additional $300 every year, all for the voluntary contribution of $300, and that none of said 2000 persons had rendered any service as a teacher since the effective date of the act.

The complaint then charges that said sections are invalid and void for the following reasons: (a) said sections authorize extra compensation, fees and allowances to public servants after service has been rendered in violation of section 19 of article IV of the constitution of Illinois; (b) said sections authorize the payment of public funds, derived by taxation, to private persons, without any or adequate consideration, and thereby extends the credit of the State to private persons in violation of section 20 of article IV and section 2 of article II of the constitution; and (c) said sections grant special and exclusive privileges to certain persons, not persons of a separate and distinct

class for the purposes intended, and are therefore class legislation contrary to section 22 of article IV of the constitution.

The appellant contends that these sections violate section 19 of article IV of the constitution, and relies upon *People ex rel. Kroner* v. *Abbott,* 274 Ill. 380; *Porter* v. *Loehr,* 332 Ill. 353; and *Wagner* v. *Retirement Board,* 370 Ill. 73. The appellees contend that those cases are not in point to the question here raised, that they have been distinguished by this court, and that this court has heretofore passed on the identical question here raised by appellant. Appellees rely upon *Raines* v. *Board of Trustees,* 365 Ill. 610, and *Ridgley* v. *Board of Trustees,* 371 Ill. 409. An examination of the cases relied upon by appellant discloses that the holdings there were to the effect that increasing pensions for retired public employees was granting extra compensation after services rendered, was a mere gift or gratuity, and therefore violative of section 19 of article IV. In the cases cited by appellees, the *Raines* and *Ridgely cases,* this court held that the decisions in the cases cited by appellant did not apply where the fund from which the increased payments were authorized was raised in part by voluntary contributions by the employees, but that in such cases, the voluntary contributions by the employees raised a contractual relation between the employee and the State, and therefore the parties could contract for an increase in the annuity in consideration of further contributions.

Appellant does not contend that the question here presented is distinguishable from the question passed upon in the *Raines* and *Ridgely cases,* so far as this constitutional provision is concerned, and we are unable to see any distinction. The statutes in the *Raines* and *Ridgely cases* were identical in principle with the statute here, we there found they did not violate section 19 of article IV of the constitution, and therefore no constitutional question not pre-

viously determined is here presented. No manifest error in those decisions has been alleged, none is apparent, and this question is no longer debatable.

Appellant then contends that if these sections do not authorize extra compensation for services rendered, they do grant a special or exclusive privilege to a group of individuals without any basis for such classification in violation of section 22 of article IV which prohibits the General Assembly from granting "any special or exclusive privilege, immunity or franchise whatever." Appellant argues that there is no reasonable basis for classifying retired school teachers as a class having the privilege of purchasing this attractive annuity from the State, which privilege is denied to all other persons.

Classification of groups of persons for legislative purposes is, primarily, a question for the legislature and the courts will not interfere unless such classification is palpably arbitrary. (*Stewart* v. *Brady,* 300 Ill. 425.) A classification of a group of persons is not arbitrary if it is based on a substantial difference between that group of persons and all other persons and such difference bears a proper relation to the purposes of the statute. (*Hughes* v. *Traeger,* 264 Ill. 612;. *People ex rel. Judges Retirement System* v. *Wright,* 379 Ill. 328.) The question to be determined, then, is whether there was a substantial difference in the situation or condition of retired school teachers and all other persons which justified the legislature in granting them this privilege, which is denied to all other persons.

The intervening defendants, in their answer, allege that each of the defendants to whom section 25-50.1 applied was an aged person 60 or more years of age, had served 25 years or more as a public-school teacher, had retired because of age or ill-health; that they had met the educational requirements, local and State, during their teaching periods; that they had been compelled to live on their compensation as teachers which was insufficient to enable

them to provide for their future support and they depended upon their retirement allowances for support, which allowances were, prior to this amendment, inadequate to support them. The answer further alleged that, by reason of their age, teaching service, compensation, dependency, the time of their retirement, and the inadequacy of their allowances, they were all similarly situated and constituted a class clearly distinguishable from all other Illinois citizens and residents. As to section 25-55.1, the answer alleged that those persons who had retired prior to the act because of disability and who had qualified for disability allowance increases, were persons who did not qualify for age retirement, had ten years or more teaching experience, had become incapacitated for further duty, and constituted a class distinguishable from other persons for the purposes of that act.

A classification of public-school teachers as a distinct class for appropriate legislation cannot be successfully challenged. Classifications according to occupations are reasonable and proper. (*Youngquist* v. *City of Chicago*, 405 Ill. 21.) Retired school teachers have been treated as a distinct class for retirement allowances for more than 50 years. A classification long unchallenged signifies the reasonableness of the classification and the approval of the people of the State. (*People ex rel. Douglas* v. *Barrett*, 370 Ill. 464.) It is the province of the legislature to decide when an exigency exists which requires legislation and, when they have so decided, that legislation will be sustained unless it violates some constitutional limitation. (*People* v. *McBride*, 234 Ill. 146.) Legislators come from all parts of the State, from all walks of life and will be presumed to know existing conditions. *Munn* v. *People*, 69 Ill. 80.

The legislature has determined that the situation and condition of the retired school teachers as described in the answer of the intervening defendants differ from that

of other persons and that the exigencies of their situation required this legislation. There is no contention that these statutes do not apply equally to all within the class, and we believe this classification is reasonable, is based upon a substantial distinction, and is not arbitrary. The burden of showing in what manner an act is arbitrary is upon one attacking the act. (*People* v. *Saltis,* 328 Ill. 494.) This the appellant has failed to do. His brief and argument do not point out in what manner this act is discriminatory and the cases cited are readily distinguishable. He cites the classification of State legislators for the purpose of making them exempt from legal service during a session of the legislature; classification of plumbers for the purpose of bestowing upon them the privilege of determining who might procure a plumbing license; classifying one publishing firm for the purpose of bestowing upon it alone the privilege of publishing the State statutes; classifying mechanic's lien claimants for the purpose of allowing them attorney's fees as costs; classifying veterans for the purpose of exempting them from municipal regulations as peddlers; classifying veterans for the purpose of relieving them of the penalties for falsifying an oath in connection with cities' civil service laws. That these classifications were discriminatory for the purposes intended is apparent. There is no reason why State legislators should be exempt from civil service and other State officers not be, while attending their duties; no reason why plumbers should decide who can be plumbers and electricians not be able to decide who shall be electricians; no reason why one firm should have the exclusive right, without competition, to a State publication over all other equally qualified firms; no reason why mechanic's lien claimants should be allowed attorney fees as costs when other lien holders were denied this privilege; and, although veterans are a distinct class for some purposes, what possible relation can their distinc-

tion as veterans have to peddling or relief from falsifying an oath? We fail to see any similarity between these classifications for the purposes intended and the classifying of retired public-school teachers for the purpose of extending to them the privilege of purchasing an attractive annuity allowance from the State.

The State legislature is charged with the duty of providing the residents of this State a free and public educational system. Such a system requires qualified and competent teachers. The legislature requires these teachers to have certain qualifications. The legislature, by tax laws, provides the means by which these teachers are paid during their teaching careers and thereby, at least indirectly, fixes the amount of their compensation. Under these circumstances, for the legislature to determine that the welfare of the public-school system required that a system of retirement allowances be set up for them as a group does not seem unreasonable, and there seems ample justification to distinguish them as a class for that purpose. The legislature may have determined that under all these circumstances the State had a moral obligation to them and we have held that the expenditure of public money for a moral obligation is an expenditure for a public purpose. (*Hagler* v. *Small*, 307 Ill. 460.) They are reasonably classified as a group for the purpose of providing retirement allowances, and an increase of such allowances is not violative of section 22 of article IV as we have hereinabove determined.

Appellant contends that the sections of the statute here involved violate section 20 of article IV and section 2 of article II of the State constitution in that they give, loan or extend the credit of the State to these retired teachers, because the allowances will be used to pay their debts and liabilities and this is not a public debt. This contention is groundless. If the payment is legal, as we have heretofore found, it ceases to be public money in the hands of the

recipients. If the payment is one which the State may legally make, the fact that, as incident to its execution, individuals are benefited is not sufficient to make the act a private act for private benefit, merely. *Hagler* v. *Small,* 307 Ill. 460, 468.

The circuit court was correct in dismissing the complaint for want of equity and that decree is affirmed.

*Decree affirmed.*