(No. 32389.—

THEODORE E. VOIGT, Appellant, *vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed September 17, 1952—Rehearing denied Nov. 17, 1952.*

o

SHOREY & WOODS, of Chicago, (GEORGE E. WOODS, JOHN E. GAVIN, and DEFOREST P. DAVIS, of counsel,) for appellant.

FRANK R. SCHNEBERGER, WALTER F. DODD, EDWARD P. SALTIEL, WILLIAM J. COLOHAN, and RUGEN, LIGTEN-BERG & GOEBEL, all of Chicago, (JOHN LIGTENBERG, of counsel,) for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This was a representative suit brought in the circuit court of Cook County by the appellant as a taxpayer owning real estate in the city of Chicago, challenging the constitutionality of an act of the legislature entitled, "An Act to amend Section 34.90 of 'The School Code,' approved May 1, 1945, as amended." (Laws of 1951, p. 352.) It is referred to in the briefs of counsel as the amendatory act of 1951.

The appellant sought to enjoin the Board of Education of the city of Chicago, the president and secretary thereof, the mayor and various other officers of the city of Chicago named as defendants, from approving and paying out public funds designated for school purposes, being additional annual emeritus payments of $500 and $300, which the controversial act purports to authorize for teachers, principals, district superintendents and assistant superintendents, who were no longer in service. The trial judge admitted as additional defendants the Retired Teachers Association of Chicago and other teacher's associations and officers.

The appellees filed their respective motions to strike and dismiss the complaint on the ground that the amendatory act was constitutional and valid. The trial judge sustained the motions and, the plaintiff having elected to stand on his complaint, the court entered a decree dismissing the

complaint for want of equity. The validity of a statute being involved, the appeal lies directly to this court.

The act in question rewrote section 34-90 of the School Code. As stated by appellants in their brief, there is no issue of fact involved in the motions to strike and no evidence was offered, and, therefore, no facts are involved in this appeal other than those admitted by the pleadings. The amendatory act provided for an additional emeritus payment of $500 annually for life to each teacher, principal, district superintendent and assistant superintendent, retired prior to the last day of the June 1947 school term and, in addition, an emeritus payment of $300 annually for life for each such person retired on the last day of the June 1947 school term and thereafter and prior to the last day of the June 1951 school term.

The complaint sets forth a rather complete history of the statutory legislation pertinent to the controversy, and states that in 1926 and for many years prior thereto a teachers' pension and retirement fund had been in force and effect, to which fund teachers and employees had been making voluntary contributions; that in 1926 the General Assembly enacted the so-called Miller Act which required the Board of Education to retire all teachers, principals and so forth, upon atttaining the age of 70 years and provided for an emeritus payment to each person so retired of $1500 annually for life from the date of retirement; that no contributions were made by the beneficiaries to the fund from which such payments were to be made; that in 1927 the General Assembly amended the Miller Act to provide for voluntary retirement with emeritus payments annually on a sliding scale from $1000 to $1500 to teachers and employees who had attained the age of 65 and were not 70 years of age at the time of retirement, with the larger payments to the older retirants.

In 1935 the General Assembly further amended the Miller Act by eliminating the voluntary retirement pro-

vision then in force and reducing the compulsory retirement age from 70 to 65 and reducing the emeritus payments to $500 annually.

The amendatory act of 1951 amended section 34-90 of the School Code by providing for an additional emeritus payment of $500 annually for life to each teacher, principal, superintendent and assistant superintendent retired prior to the last day of the June 1947 school term, known herein as the first class, and an additional emeritus payment of $300 annually for life for each such person retired on the last day of the June 1947 school term and thereafter and prior to the last day of the June 1951 school term, known herein as the second class.

It is agreed that the number of those retired since July, 1935, and living at the time the complaint was filed, was 2661, and of this number 261 retired prior to July 12, 1935; 1690 retired from July 12, 1935, to June 26, 1947; and 710 retired from June, 1947, up to the last day of the June 1951 term. All 2661 retirants were in employment before July 12, 1935.

None of said persons rendered any services in the schools after the date of their retirement and none were rendering any services on the effective date of the amendatory act of 1951. The effect of the provisions of said act was to increase the emeritus payments to the persons in the first class from $500 to $1000 annually for life, and to increase the payments to each person in the second class from $500 to $800 annually for life.

The complaint further alleges that the amendatory act is in violation of section 19 of article IV of the Illinois State constitution, which provides as follows: "The general assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after the service has been rendered or contract made."

The appellant contends that by the amendatory act of 1951 the General Assembly sought to grant and authorize extra compensation, fees and allowances to superintendents and school teachers after the services had been rendered and employment terminated in violation of such provision of the constitution. He insists that the funds from which the emeritus payments were provided for under the Miller Act, together with the additional emeritus payments included in the amendatory act, were, and are, derived solely from taxation and no part was to be raised by voluntary contributions from the participants. He relies largely upon *Porter* v. *Loehr,* 332 Ill. 353, and *Wagner* v. *Retirement Board,* 370 Ill. 73, in support of his position. In *Porter* v. *Loehr,* the question was whether pensions granted to retired public officers or employees may be increased after their periods of service have ended. That case specifically held that pensions cannot be conferred upon persons who had, previously to the grant, retired from the service of the city. The opinion further stated that, "Extra compensation is a payment or allowance in excess of that which was fixed by law or contract when the services were rendered." In *Wagner* v. *Retirement Board* it was held that the amendment of 1937 to the police pension fund, purporting to increase pensions of policemen who had been retired prior to 1922, was invalid as making an extra allowance for past services. In both these cases the effort was made to increase pensions after retirement, and this court held that such legislation was a mere gift or gratuity and, therefore, violative of section 19 of article IV of the constitution.

It is conceded in this case that no part of the funds from which the increased emeritus payments are to be paid was raised by voluntary contributions from the school employees, but solely from taxation.

The appellees seek to distinguish the cases of *Porter* v. *Loehr* and *Wagner* v. *Retirement Board* on the ground

that the retired teachers seeking to be benefitted by the provisions of the amendatory act of 1951 all became teachers prior to July 12, 1935, on which date the payments formerly provided by the Miller Act were reduced to $500 per year; that the reason for the reduction was because of the financial situation during the depression following the year 1930; and that the purpose of the amendatory act of 1951 was to make a partial restoration of the annuities offered by the 1927 act, amounting to $500 for those teachers retired prior to the last day of the June 1947 school term, and for a similar payment of $300 for those retired prior to the last day of the June 1947 school term but before the last day of the June 1951 school term; that the amendment does not restore all that was originally promised and affects only the remaining life of a diminishing group of aged persons.

Based upon these facts the question is propounded: May the legislature by an amendatory act pay a portion of what it had originally provided for the annuitants, but which was withdrawn in 1935?

In distinguishing the cases of *Porter* v. *Loehr* and *Wagner* v. *Retirement Board,* and in support of their theory that the payment of retirement allowances to teachers under the circumstances of this case is a proper subject of legislation, the appellees present the cases of *Raines* v. *Board of Trustees,* 365 Ill. 610, and *Ridgley* v. *Board of Trustees,* 371 Ill. 409. In those cases the fund from which the increased payments were authorized was raised in part by voluntary contributions from the employees, thereby raising a contractual relation, which, because of the agreement to contract for an increase in annuity in consideration of further contributions, did not violate the constitutional provision prohibiting extra pay for past services.

In the recent case of *Krebs* v. *Board of Trustees,* 410 Ill. 435, at page 441, we held that "A classification of public-school teachers as a distinct class for appropriate

legislation cannot be successfully challenged. * * * Retired school teachers have been treated as a distinct class for retirement allowances for more than 50 years." In discussing the power of the legislature to determine what the welfare of the public-school system requires and to say what shall be the basis for the payment of retired allowances to teachers, the court said in the *Krebs case*: "Under these circumstances, for the legislature to determine that the welfare of the public-school system required that a system of retirement allowances be set up for them as a group does not seem unreasonable, and there seems ample justification to distinguish them as a class for that purpose. The legislature may have determined that under all these circumstances the State had a moral obligation to them and we have held that the expenditure of public money for a moral obligation is an expenditure for a public purpose. (*Hagler* v. *Small,* 307 Ill. 460.)"

The legislature in acting upon the amendatory act of 1951 might well have reasoned that in 1935, when, because of financial difficulties, the payment of retired teachers was reduced to $500 per year, the welfare of the public-school system imposed upon them the moral obligation to restore, in part at least, the emeritus payments taken away from them by the amendment of the Miller Act in 1935.

In *People ex rel. Royal* v. *Cain,* 410 Ill. 39, we stated a well-settled rule as follows: "In adjudicating constitutional questions, it is an established canon of construction that a statute will not be held unconstitutional in the absence of cogent reasons, and all presumptions are in favor of its constitutionality."

We appreciate the force of appellant's argument that the sustaining of this act would establish a bad precedent and that there is danger from excessive pressure being brought upon the members of the General Assembly to repeatedly raise retirement benefits and annuities, but believe in the present case, because of reasons herein stated, the

amendatory act of 1951 is valid and not subject to the constitutional objections raised by the appellant.

In the light of what we said in the *Krebs case* and have said in this opinion, it follows that the amendatory act of 1951 does not violate the provisions of sections 19, 20 or 22 of article IV, nor section 2 of article II of the constitution.

The decree of the circuit court of Cook County, dismissing appellant's complaint for want of equity, is, therefore, affirmed.

*Decree affirmed.*

Mr. Justice Bristow, dissenting.