27 Ill.2d 593 (1963)
190 N.E.2d 329
PAUL L. GORHAM, Appellant,
v.
BOARD OF TRUSTEES OF THE TEACHERS' RETIREMENT SYSTEM OF THE STATE OF ILLINOIS et al., Appellees.
No. 37514.
Supreme Court of Illinois.
Opinion filed March 25, 1963.
Rehearing denied May 29, 1963.
*594 BROWN, HAY & STEPHENS, of Springfield, (PAUL W. GORDON, JR., of counsel,) for appellant.
GIFFIN, WINNING, LINDER & NEWKIRK, of Springfield, (JAMES M. DRAKE, of counsel,); KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (THOMAS F. SCULLY and JOHN M. O'CONNOR, JR., of counsel,); RUGEN, LIGTENBERG & GOEBEL, of Chicago, (JOHN LIGTENBERG, of counsel,); and WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellees.
Decree affirmed.
Mr. JUSTICE HERSHEY delivered the opinion of the court:
This is a suit by plaintiff as a citizen and taxpayer to *595 enjoin the disbursement of certain public funds by reason of alleged unconstitutionality of two acts of the 72nd General Assembly granting certain pension benefits to certain retired public school teachers.
Sections 34-106.1, 34-106.2 and 34-106.3 were added to the School Code (Ill. Rev. Stat. 1961, chap. 122, pars. 34-106.1, 34-106.2 and 34-106.3) and provide supplementary payments for retired teachers receiving pensions under article 34 of the School Code governing the teachers retirement system in the city of Chicago. Also, sections 25-38, 25-71, 25-72 and 25-73 of the School Code were amended, and sections 25-14.1, 25-51.2, 25-55.2 and 25-72.1 were added (Ill. Rev. Stat. 1961, chap. 122, pars. 25-38, 25-71, 25-72 and 25-73, and pars. 25-14.1, 25-51.2, 25-55.2 and 25-72.1) and provide supplementary payments for retired teachers receiving pensions under article 25 of the School Code governing the teachers retirement system outside of the city of Chicago.
Plaintiff contends that these two acts are in whole or alternatively in part unconstitutional as violating section 19 of the article IV of the Illinois constitution in that the benefits provided constitute extra-compensation or allowance to public servants after their service has been rendered.
The defendants are the Board of Trustees of the Teachers Retirement System of the State of Illinois, the Superintendent of Public Instruction, the Auditor of Public Accounts, the State Treasurer, the city treasurer of the city of Chicago, and the Board of Trustees of the Public School Teachers Pension and Retirement Fund of the city of Chicago, some of whom filed motions to strike the complaint and dismiss the suit. These motions were allowed and a decree was entered striking the complaint and dismissing the action. Thereupon, plaintiff appeals directly to this court. The validity and constitutionality of a statute is involved so that this court has jurisdiction of a direct appeal.
*596 Both acts have the effect of providing for supplementary retirement payments to retired school teachers, payable out of supplementary payment reserves, equal to $50 for each year of service up to a maximum of $2250 per year. In order to qualify for the increase, teachers are required to contribute $5 for each year of service, which contributions, however, are wholly voluntary. The acts make similar provisions for increase in disability allowances.
The Chicago Retirement System has been a compulsory retirement system since July 1, 1907, with all teachers who commenced teaching subsequent to that date required to be members thereof and contribute thereto. The downstate teachers retirement system has been compulsory since July 1, 1915, with all teachers who commenced teaching subsequent to that date required to be members thereof and contribute thereto. From these facts, appellant contends that many of the retired teachers "eligible for increased benefits by virtue of S.B. 770 and S.B. 773 * * * commenced teaching subsequent to the date upon which membership in their respective retirement system became compulsory and therefor came into the system involuntarily." He further contends that an increase in the pension of a retired public servant who came involuntarily into the pension system under which he receives his pension violates the constitution, that where an act is partially invalid in its application and the invalid aspect is so interwoven with the remainder that it cannot be said that the legislature would have passed the act to achieve the objectives other than the invalid one, the entire act will be held invalid.
Appellant's position misconceives the matter at issue. There is no contention that the original pension fund or pension payment is invalid so that under the facts here involved it seems immaterial whether the participation by the retired teacher in the pension fund at the outset was involuntary or voluntary. The issue here is whether the *597 additional or "supplementary" payments are or are not valid. This matter was fully disposed of in Krebs v. Board of Trustees, 410 Ill. 435, where we held valid an act providing that upon voluntary payments to the downstate teachers retirement system of $300 plus interest at 3% from June 30, 1947, any person could have his retirement allowance increased from $400 to $700 plus an additional increase of $30 for each year above 60, with a maximum of $1,000, who, on June 30, 1947, was entitled to an age retirement allowance and had rendered 25 years of service and attained age 60, or thereafter attained such age. In that case, we said, at pages 439-440:
"The appellant contends that these sections violate section 19 of article IV of the constitution, and relies upon People ex rel. Kroner v. Abbott, 274 Ill. 380; Porter v. Loehr, 332 Ill. 353; and Wagner v. Retirement Board, 370 Ill. 73. * * * Appellees rely upon Raines v. Board of Trustees, 365 Ill. 610 and Ridgley v. Board of Trustees, 371 Ill. 409. An examination of the cases relied upon by appellant discloses that the holdings there were to the effect that increasing pensions for retired public employees was granting extra compensation after services rendered, was a mere gift or gratuity, and therefore violative of section 19 of article IV. In the cases cited by appellees, the Raines and Ridgely cases, this court held that the decisions in the cases cited by appellant did not apply where the fund from which the increased payments were authorized was raised in part by voluntary contributions by the employees, but that in such cases, the voluntary contributions by employees raised a contractual relation between the employee and the State, and therefore the parties could contract for an increase in the annuity in consideration of further contributions.
"Appellant does not contend that the question here presented is distinguishable from the question passed upon in the Raines and Ridgely cases, so far as this constitutional *598 provision is concerned, and we are unable to see any distinction. The statutes in Raines and Ridgely cases were identical in principle with the statute here, and we there found they did not violate section 19 of article IV of the constitution, and therefore no constitutional question not previously determined is here presented."
The Krebs case applied to all retired teachers of the system regardless of when they began teaching. Teachers mandatorily under the system as well were entitled to its benefits. Yet, we held the amendment valid. The very question involved here was determined in the Krebs case.
The election by the retired teacher to participate in the increased benefits provided by the acts here in question raises a contractual relation with the State. These acts tender to a reasonably defined class of persons an opportunity to purchase annuity contracts. The proposed supplementary payments were valid. Since it was entirely optional whether the teacher will participate in these additional payments, the election of one desiring to participate must be a contractual relationship. As we said in Raines v. Board of Trustees, 365 Ill. 610 at 616:
"The relations between voluntary contributors and the sovereign being contractual, it follows that the rights created are not measured by the rights of pensioners. They are similar, and amount, in effect, to insurance contracts providing annuities upon maturity of the contract or policy of insurance".
The retirement allowance, as such, is not increased. The teacher will receive the same retirement allowance from the retirement reserve. However, the legislature has now provided that if the teacher elects to pay a certain amount into a supplementary payment fund (separate and apart from all retirement provisions), the teacher will receive back from the separate fund the additional amounts set forth in this law. This is a separate payment, payable out of a separate fund in consideration of a contractual relation *599 established by a prescribed voluntary payment. The legislature has rightfully taken realistic cognizance of the fact, generally and judicially known, that the low remuneration paid to teachers in the public schools and the grossly inadequate provisions for retired teachers is not only morally unjust but has diminished interest in the pursuit of the field of teaching. In Voigt v. Board of Education, 413 Ill. 233, we held that a moral obligation was sufficient to sustain increased pension payments. Here, we need not rely on the moral obligation which is present, but are fully justified by the legal obligation created by a proper contract as specified in the laws here passed by the legislature.
Appellant relies on State ex rel. Thomson v. Giessel, 262 Wis. 51, as being decisive of this question favorably to his contention of invalidity. We are not bound to follow the decisions of the Supreme Court of another State. Nor on logic are we persuaded by their decision. They have rejected the line of authority followed by case and reason in this State of the contractual relation raised by the voluntary contribution. Their basis for the rejection is stated by them to be that to hold otherwise would be granting special benefits without reasonable classification. The basis of reasonable classification was fully considered in the Krebs case, and we again squarely hold, as we held there, that a classification of public school teachers as a distinct class for appropriate legislation cannot be successfully challenged. "They are reasonably classified as a group for the purpose of providing retirement allowances, and an increase of such allowances is not violative of section 22 of article IV as we have hereinabove determined". Krebs v. Board of Trustees, 410 Ill. 435, 443.
The question of the wisdom of the amount of the payments is a matter not for the courts but for the legislature. (Raines v. Board of Trustees, 365 Ill. 610.) We find that the contribution required of the teacher if she elects to take advantage of these provisions has a reasonable relation *600 to the amount of payments provided to be made to her so that it can not be said that the amount of contribution in any way detracts from or changes the contractual relation. For the reasons herein stated, we hold the acts constitutional.
Decree affirmed.