(No. 12554.—Reversed and remanded.)

JOSEPH B. BEUTEL, Defendant in Error, *vs.* OSCAR G. FOREMAN *et al.* Plaintiffs in Error.

*Opinion filed April 15, 1919—Rehearing denied June 5, 1919.*

1. STATUTES—*when a statute will be given retroactive effect.* While a statute is generally deemed to be prospective, only, it will be given a retroactive effect when it is clearly the intention of the legislature that it shall so operate.

2. SAME—*words should be given ordinary meaning.* In the construction of statutes it is the duty of the court to take the words found in the statute and give to each its ordinary, usual meaning.

3. SAME—*statute cannot deprive citizen of vested right.* The legislature cannot pass an *ex post facto* law or a retrospective law impairing the obligation of contracts, nor can it deprive a citizen of any vested right by a mere legislative act.

4. PENSIONS—*amendment to section 3 of Police Pension Fund act is retroactive but is not invalid.* The amendment in 1917 to section 3 of the Police Pension Fund act, providing that the applicant for a pension must be fifty years of age, is intended to be retroactive and to apply to all persons who were entitled to claim pensions under the act before it was so amended, but the amendment is not for that reason invalid, as the right to apply for a pension is not a vested right.

5. SAME—*right to claim police pension may be taken away by State.* As between the State and the members of the police department of one of the municipalities, the State may take away the right to claim a pension under the Police Pension Fund act without affecting the contract of the claimant or violating the constitution.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (JAMES W. BREEN, and ROY GASKILL, of counsel,) for plaintiffs in error.

GRANT NEWELL, (JOSEPH B. BEUTEL, *pro se,*) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

A petition was filed by defendant in error and others in the circuit court of Cook county praying that a writ of *mandamus* issue against Oscar G. Foreman and others, as trustees of the police pension fund of the city of Chicago, commanding them to order that a yearly pension equal to one-half the amount of his salary be paid each of the petitioners. After the pleadings were settled a hearing was had in the circuit court and a final order and judgment entered in favor of Joseph B. Beutel, as prayed in the petition. From that judgment a writ of error was sued out from the Appellate Court for the First District, and the cause was transferred from the Appellate Court to this court, apparently on the ground that the constitutionality of a statute was involved.

The brief and argument of plaintiffs in error, and some of the earlier documents in this case, gave the name of defendant in error as Nicholas Berwick, who was the first one named in the petition for *mandamus,* whereas the testimony was taken and judgment entered in the trial court as to Joseph B. Beutel, wherefore the title has been changed by proper proceedings in this court and is now as given above.

The record shows that defendant in error, Beutel, after completing a service of twenty years as a member of the police force of the city of Chicago, filed on March 31, 1917, an application for a pension with the plaintiffs in error, the board of trustees of the police pension fund of the city of Chicago; that on July 12, 1917, his application was de-

nied on the ground that the Police Pension Fund act, as amended on July 1, 1917, provided that no policeman should be pensioned after a service of twenty years until he should have reached the age of fifty years. Plaintiffs in error deny that Beutel was fifty years of age on July 1 or July 12, 1917, and argue that therefore, under amended section 3 of the Police Pension Fund act, he was not entitled to a pension.

Section 3 of said act as amended July 1, 1917, reads, in part, as follows: "Whenever any person shall have been or shall hereafter be appointed and sworn as a probationary or regular policeman in any such city, and shall have served for a period of twenty (20) years or more as such policeman in the police force of any such city, or where the combined years of service of such person in the police department and fire department of any such city shall aggregate twenty (20) years or more, in either such case when such person shall have arrived at the age of fifty (50) or more years he may make application to said board for retirement, and said board shall order and direct that such policeman, after his retirement from the police force, shall be paid a yearly pension."

The Police Pension Fund act for a few years prior to July 1, 1917, provided that a policeman should be entitled to his pension after a service of twenty years but did not have any provision that this could not be paid until he arrived at the age of fifty years, as does the amended act of July 1, 1917, and it is argued by counsel for defendant in error that when he retired from the police force on March 31, 1917, the law as then in force entitled him to a pension before he reached the age of fifty years if he had served twenty years continuously on the police force of the city of Chicago, and that the amendment of section 3 in force July 1, 1917, if it is intended to be retroactive and applies to this case, is unconstitutional and void. It is contended by counsel for plaintiffs in error, and conceded by

counsel for defendant in error, that said amendment to section 3 was intended to be retroactive and apply to all policemen who were entitled to pensions under said act.

While it is true that a statute is not generally deemed to be retroactive but prospective, only, in its force, a statute will be given a retroactive effect when it was clearly the intention of the legislature that it should so operate. (*Hathaway* v. *Merchants' Loan and Trust Co.* 218 Ill. 580.) In the construction of statutes it is the duty of the court to take the words found in the statute and to give to each its ordinary, usual meaning. (*Eddy* v. *Morgan,* 216 Ill. 437.) We agree that, fairly construed, the amendment to section 3 of the Police Pension Fund act, read in connection with the other sections of the act, was intended to be retroactive and to apply to all persons who were entitled to pensions under said act, and that therefore it included the defendant in error within its provisions.

Counsel for defendant in error earnestly insist that the Pension act in force previous to July 1, 1917, gave him a contract and property right in his pension at the time he filed his application for the same, and therefore the amendment in question must be held to be unconstitutional because of violating a property right vested in him. The legislature cannot pass a retrospective or an *ex post facto* law impairing the obligation of a contract nor can it deprive a citizen of any vested right by a mere legislative act. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553.) This is a principle of general jurisprudence. "But a right to be within its protection must be a vested right. It must be something more than a mere expectation, based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another. If, before rights become vested in particular individuals, the convenience of the State induces

amendment or repeal of the laws these individuals have no cause to complain." 1 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 284; *People* v. *Clark,* 283 Ill. 221.

Counsel for plaintiffs in error contend that no person entitled to a pension has a vested legal right in said pension; that pensions, considered in connection with vested rights, must be held to be bounties of the government, which that government has a right to give, withhold or recall at its discretion, while counsel for defendant in error argue that this court in *Hughes* v. *Traeger,* 264 Ill. 612, and *People* v. *Abbott,* 274 id. 380, has held that the pensions to employees of municipalities "are in the nature of compensation for services previously rendered for which full and adequate compensation was not received at the time of the rendition of the services," and that therefore those decisions which hold that a pension is not a vested right, under such circumstances as exist here in the claim of defendant in error, cannot be upheld. Counsel are in error in their argument that the decisions of this court last referred to intended to hold that the right of pension was a vested right under the circumstances found in this record. In *Hughes* v. *Traeger, supra,* the court particularly stated the opposite, saying (p. 617) : "The fund created by these deductions remains subject to the disposition of the legislature, and the employees cannot prevent its appropriation in another way than that designated by the statute. It is not their property, and the statute does not amount to a contract by the State to use it in the manner provided by the statute. A change in the disposition of the fund would not, however, violate any right of the complainant, for until the happening of the event designated by the statute for its distribution he has no vested right in the fund but only an expectancy created by the law, which the law may revoke or destroy.—*Pennie* v. *Reis,* 132 U. S. 464; *State* v. *Trustees,* 121 Wis. 44." Moreover, both of the opinions in which this court has laid down the rule as to the

basis of granting pensions which counsel for defendant in error rely on as giving their client a vested right, are based on Dillon on Municipal Corporations, (vol. 1, 5th ed. sec. 430,) and that learned author, in discussing the subject of pensions for municipal employees in section 431, adopts the doctrine laid down by the United States Supreme Court in *Pennie* v. *Reis, supra,* that a person does not have a vested right in his pension. That court said in that case with reference to the pension fund (p. 471): "Being a fund raised in that way it was entirely at the disposal of the government until, by the happening of one of the events stated,—the resignation, dismissal or death of the officers,—the right to the specific sum promised became vested in the officer or his representative. It requires no argument or citation of authorities to show that in making a disposition of a fund of that character previous to the happening of one of the events mentioned, the State impaired no absolute right of property in the police officer. The direction of the State that the fund should be one for the benefit of the police officer or his representative under certain conditions was subject to change or revocation at any time, at the will of the legislature. There was no contract on the part of the State that its disposition should always continue as originally provided. Until the particular event should happen upon which the money, or a part of it, was to be paid, there was no vested right in the officer to such payment. His interest in the fund was, until then, a mere expectancy created by the law and liable to be revoked or destroyed by the same authority." This court has practically laid down the same rule in *Eddy* v. *Morgan, supra,* and *Pecoy* v. *City of Chicago,* 265 Ill. 78. A reading of this last case will show that something of the same argument was made with reference to the police pension fund being vested under this statute as is made by counsel for defendant in error in this case, but the court there indorsed the reasoning of this court in *Eddy* v. *Mor-*

*gan, supra,* and that of the United States Supreme Court in *Pennie* v. *Reis, supra.*

A full discussion of the question of vested rights in pension funds is found in *Gibbs* v. *Minneapolis Fire Department Relief Ass'n,* 37 Ann. Cas. 1915C, 749, (125 Minn. 174,) and in the exhaustive note following the opinion. It was argued there, as here, that the right of a person claiming a pension was a vested one, and the opinion quoted from another decision with approval, as follows: "The statute differs from a contract in that the government may withdraw the benefits conferred at any time it may deem advisable after a party enters the service, either before or after the right to a pension accrues. * * * It also follows that while there is no vested right in a pension which cannot be divested by the mere exercise of the legislative will, if relators have any rights they are vested ones so long, only, as the statute in question remains in force and unchanged, subject to be divested at any time that Congress may desire." See, also, *Stevens* v. *Minneapolis Fire Department Relief Ass'n,* 50 L. R. A. (124 Minn. 381,) 1018, and note reviewing the authorities; 21 R. C. L. 242; 2 McQuillin on Mun. Corp. sec. 511; 5 id. sec. 2422.

We can reach no other conclusion in this case than that by the great weight of authority in this and other jurisdictions, as between the State and the members of the police department of one of the municipalities in this State, the State may take the right of pension away, under such circumstances as shown by this record, without affecting the contract right of the pensioners or violating the constitution.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*