EDWIN J. ZIEBELL, Plaintiff-Appellant, *v.* THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE VILLAGE OF FOREST PARK, Defendant-Appellee.

First District (4th Division)   No. 78-1430

Opinion filed June 14, 1979.

Richard F. McPartlin, of Chicago, for appellant.

Edward B. O'Shea, Jr., of Chicago (Joseph Organ, Jr., of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, Edwin J. Ziebell, appeals from a trial court order dismissing his mandamus action in which he sought to compel the defendant Board to restore to him a retirement pension which it had lowered pursuant to the advice of the Illinois Department of Insurance. The issues raised on appeal are: (1) whether the dismissal should be affirmed because plaintiff failed to proceed under the Administrative Review Act; (2) whether the construction of the amended pension statute urged by plaintiff would have an unconstitutional effect; and (3) whether plaintiff's construction would cause the statute to have retrospective application without an express provision to that effect, in derogation of principles of statutory construction.

The parties stipulated to the facts prior to the hearing below. According to that stipulation the plaintiff served as a police officer of the Village of Forest Park from September 15, 1947, until his retirement on October 11, 1973, at the age of 47 years. At retirement plaintiff was Chief of Police and was paid a salary of $17,563.08 for the year immediately preceding October 11, 1973. At the time of his retirement, section 3—111 of the Illinois Pension Code provided in pertinent part:

"Any policeman who has creditable service of 20 years or more

and has reached age 50 and who is no longer in the service as a policeman, shall be entitled to a yearly pension equal to ½ of the salary attached to the rank he held on such police force for 1 year immediately prior to his retirement, payable from the police pension fund of the municipality. The pension shall be increased by 1% of such salary for each additional year of such service over 20 years, to a maximum limit of 60% of such salary. \* \* \*" (Ill. Rev. Stat. 1973, ch. 108½, par. 3—111.)

By an amendment effective October 1, 1975, the 1% increment was increased to 2% for each additional year of service up to 30 years, and the maximum limit was increased to 75% of salary. (Ill. Rev. Stat. 1975, ch. 108½, par. 3—111.) The parties agreed that if the plaintiff had attained 50 years of age at the time of retirement the 1973 statute would have applied and his pension would have been $819.61 per month or $9,835.32 per year. However plaintiff attained age 50 and was entitled to receive a pension on December 17, 1975. The Board granted his application and applied the rate provided in the amended statute. Plaintiff was paid the greater amount until September 22, 1976, when the Department of Insurance informed the Board that the rate provided by the 1973 statute should have been used, as that was the statute in effect on the date of plaintiff's retirement. Accordingly, on September 22, 1976, the Board reduced plaintiff's pension from $10,889.16 annually, or $907.43 per month, to $9,835.32 annually, or $819.61 per month.

The parties also stipulated at trial that the issue before the court was: "Should the petitioner's pension be calculated on the basis of the law governing the amount of pension due petitioner on the date of actual retirement or the law in effect on the date the petitioner attained the age required to obtain pension benefits."

## I.

■■■ Defendant contends that this court should affirm the dismissal of plaintiff's complaint on the ground that the action should have been brought as a complaint for administrative review under the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 110, par. 267.) Defendant first raised this contention in its answer to plaintiff's petition for mandamus. But as plaintiff notes, this contention was clearly abandoned when defendant agreed to a stipulation that the only issue before the trial court was whether the law at the time plaintiff retired or that in effect on the date he attained the requisite age governed the calculation of his pension. Where by such a stipulation the parties prescribe the issues to be tried, this constitutes a binding waiver or elimination of all issues not included in the stipulation. (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169.) The written arguments presented

to the trial court by both parties related only to the stipulated issue. But in effect defendant now contends that the trial court erred in ruling on the merits rather than on failure to proceed under the Administrative Review Act. A party on appeal cannot predicate error on actions committed pursuant to his stipulation and acquiescence at trial. *Bridges v. Neighbors* (1975), 32 Ill. App. 3d 704, 336 N.E.2d 233; see *People ex rel. Walker v. O'Connor* (1953), 351 Ill. App. 545, 115 N.E.2d 808.

Plaintiff also contends that the Administrative Review Act was inapplicable here because that act contemplates review of an administrative decision which affects the legal rights of a party and which terminates proceedings before the administrative agency. (Ill. Rev. Stat. 1975, ch. 110, par. 264.) Judicial review is to be restricted to the evidence adduced in the hearing process. (Ill. Rev. Stat. 1975, ch. 110, par. 274.) Plaintiff notes that on the record before us there is no evidence of any such administrative hearing and thus nothing upon which a court could base its review. (See *People ex rel. Vestuto v. O'Connor* (1953), 351 Ill. App. 539, 115 N.E.2d 810.) Nor is there any record of defendant having notified plaintiff of its decision, although the Administrative Review Act establishes that a party has 35 days from the time he was furnished with a copy of the decision in which to seek judicial review. (Ill. Rev. Stat. 1975, ch. 110, par. 267.) The fact that we are unable to determine whether there was any hearing or notification to plaintiff of a decision is the result of the determination of the parties below that no issue existed concerning the applicability of the Administrative Review Act. This supports our determination that defendant has waived the issue and may not raise it on appeal, for the stipulation entered into by defendant prevents our determination of the issue from the record developed at trial.

II.

■■ The amended statute at issue does not expressly indicate whether the increase in pension was applicable to those retiring prior to its enactment. In construing the statute we are guided by the presumption that the legislature did not intend to create an unconstitutional statute. (*Wiseman v. Elward* (1972), 5 Ill. App. 3d 249, 283 N.E.2d 282.) And where a statute is subject to two constructions, one of which would render it unconstitutional, it is our duty to construe the act so as to uphold its constitutionality if it can reasonably be done. *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125; *Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423, 240 N.E.2d 612.

■■ When the statute was amended in 1975 to increase pension amounts, the financing section of the Pension Act was also amended to increase the amount of deductions from the salaries of policemen. (Ill. Rev. Stat. 1975, ch. 108½, par. 3—125(2).) This increase was specifically intended to pay for

the increase in pension benefits. (79th Illinois General Assembly, 1975 Senate Debates, day #70, June 12, 1975.) Plaintiff, of course, was no longer subject to such deductions. Thus, under plaintiff's construction of the amended statute, the pension to which he would become entitled when he reached the age of 50 was increased without requiring any payments into the fund by him. But such a construction would render the statute unconstitutional as permitting the expenditure of public funds for private purposes. (Ill. Const. 1970, art. VIII, §1(a); *Porter v. Loehr* (1928), 332 Ill. 353, 163 N.E. 689; Ill. Const. 1870, art. IV, §§19, 20.) In *Porter* the court struck down statutory amendments which increased the pensions of policemen who had already retired and were drawing pensions at lower rates. In doing so the court relied on the general constitutional principle that public funds may only be expended for public purposes and also relied on the express prohibition of article IV, section 19, of the 1870 Illinois Constitution, which stated:

> "The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made * * *."

The court pointed out that no additional service by these policemen was contemplated so that the increases necessarily constituted an extra allowance for past services and amounted to gifts or gratuities to private individuals from public funds. Subsequent cases, however, did provide a method whereby such increases could be constitutionally made. In *Raines v. Board of Trustees* (1937), 365 Ill. 610, 7 N.E.2d 489, an amendment increasing retirement payments to former public employees was upheld where such increases would only be paid upon the payment by those retirees of specified additional contributions into the retirement fund. These voluntary payments were held to establish a contract with the State whereby the State agreed to pay increased benefits in return for the contributions. Because of the contractual nature of the arrangement no constitutional objection could be made on the ground that increased payments were being made for past services. And in *Gorham v. Board of Trustees* (1963), 27 Ill. 2d 593, 190 N.E.2d 329, a statute was upheld which raised payments to retired teachers upon condition that they make specified contributions for each year of prior service. Citing *Raines*, the court held that these optional contributions in return for increased benefits were in the nature of a contract and thus withstood constitutional objection. In this cause if we were to hold that the statute entitled policemen who had retired prior to the effective date of its amendment to the pension increases there would be no saving requirement that those policemen contribute additional amounts to the pension fund. We would be unable to declare this a contractual arrangement and the statute would

be unconstitutional in that it permitted paying public funds for a private purpose. The construction sought by the Board, under which only those retiring after the effective date of the amendment would receive the additional pension amount, would withstand constitutional scrutiny, for all those affected would have contributed to the fund through the increased deductions provided to pay for the pension increases. This would create a contractual arrangement permitted under the law.

Plaintiff asserts that the cases cited are not controlling because they involved increases in benefits already being paid whereas he did not qualify for any pension until after the statute was amended. The distinction is not significant. Although plaintiff was not entitled to immediate payment at the time of his retirement, he does concede that he had a vested right to a pension at that time, though it was subject to divestment if he did not attain the age of 50. According to plaintiff's proposed construction the amount of pension to which he had a vested right was increased when the statute was amended. The key factor in the cases we have cited was whether the statute conferred benefits after retirement without requiring additional consideration which would provide a contractual basis for the increase and thus avoid the constitutional bar. Under plaintiff's construction he would not be required to contribute any additional money to the pension fund in order to receive the pension increase established by the amendment. Such a result is not constitutionally permitted.

Plaintiff's argument poses two additional objections to this analysis. The first is that the language of article IV, section 19, of the 1870 Illinois Constitution does not appear in the 1970 Constitution, so that those cases decided under that provision are no longer applicable. But that provision was replaced with article VIII, section 1(a), which provides:

"(a) Public funds, property or credit shall be used only for public purposes." (Ill. Const. 1970, art. VIII, §1(a).)

As was stated by constitutional convention delegate Cicero, this provision was "* * * intended explicitly to reaffirm the general rule that public monies cannot be taken or applied for private purposes but can only be applied to public purposes." (2 Record of Proceedings, Sixth Illinois Constitutional Convention 869.) This underlying principle was as much the basis of the prior decisions we have cited as was the explicit and limited provision which this provision replaced. Consequently those cases remain applicable under this broadened provision.

Plaintiff's second objection is that under the 1970 Constitution all pension plans of State and local units have been declared to be contractual. The relevant provision states:

"Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual

relationship, the benefits of which shall not be diminished or impaired." (Ill. Const. 1970, art. XIII, §5.)

But this provision was intended to reach another problem area of Illinois pension law, the distinction between mandatory and voluntary pension plans. Under Illinois case law pension plans which required employee participation were held to be in the nature of gratuities from the State, subject to modification and even outright revocation. (*People ex rel. Drea v. Hanson* (1928), 330 Ill. 79, 161 N.E. 145; *Beutel v. Foreman* (1919), 288 Ill. 106, 123 N.E. 270.) But if participation was voluntary, so that employees could elect to contribute and thus receive benefits, the arrangement was held to be contractual and not subject to modification or abrogation except under usual contract principles. (*Raines v. Board of Trustees* (1937), 365 Ill. 610, 7 N.E.2d 489; *Bardens v. Board of Trustees* (1961), 22 Ill. 2d 56, 174 N.E.2d 168; see Cohn, *Public Employee Retirement Plans*, 1968 U. Ill. L. F. 32.) The new constitutional provision was intended to eliminate this distinction so as to remove uncertainty about the soundness of public employee pension plans. As delegate Green explained the provision at the 1970 constitutional convention:

> "Now this amendment does two things: It first mandates a contractual relationship between the employer and the employee; and secondly, it mandates the General Assembly not to impair or diminish these rights.
>
> Now, with regard to the first point, the Illinois courts have generally ruled that pension benefits under mandatory participation plans were in the nature of bounties which could be changed or even recalled as a matter of complete legislative discretion. And as a result in Illinois today we have public employees who are beginning to lose faith in the ability of the state and its political subdivisions to meet these benefit payments. This insecurity on the part of the public employees is really defeating the very purpose for which the retirement system was established, and this is one of the reasons why I personally request that the Convention adopt the provision which will guarantee these rights and direct the General Assembly to take the necessary steps to fund the pension obligations." (4 Record of Proceedings, Sixth Illinois Constitutional Convention 2925.)

The provision establishes that whether pensions are established in return for voluntary or mandatory payments a contractual arrangement is involved, binding the government to fulfill its agreement. (See *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, ___ N.E.2d ___. It does not affect the situation before us, where it is asserted that an increase in expected pension benefits is to be conferred without any additional payment into the fund, voluntary or mandatory. No contract may be found in such a unilateral arrangement; plaintiff's contention remains an

argument for an unconstitutional expenditure of public funds for a private purpose.

## III.

Because of our determination of the constitutional issue, we need not reach the question of whether the amendment had a retrospective or prospective application under the parties' differing constructions; such labels would be useful only if additional resort to statutory construction were needed.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.