DONALD SWIBAKER, Plaintiff-Appellee, v. BOARD OF TRUSTEES FIREMEN'S PENSION FUND, Defendant-Appellant.

Fourth District   No. 4—85—0009

Opinion filed January 21, 1986.

McCULLOUGH, P.J., dissenting.

David L. Stanczak, of Bloomington, for appellant.

W. Loren Thomson and Rex L. Reu, both of Bloomington, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The question presented by this case is whether a firefighter who is receiving a disability pension at the effective date of a statutory amendment providing that the amount of a firefighter's retirement pension converted from a disability pension is to be based on the salary attached to the firefighter's last position as of the date of the conversion, is entitled to convert his disability pension into a retirement pension calculated on the basis of the amendment.

The facts are simple and undisputed. In 1972, plaintiff Donald Swibaker (Swibaker) began receiving disability benefits after 22 years in active service as a firefighter. At that time, he was 50 years old and held the rank of captain.

On March 2, 1984, Swibaker filed a complaint for declaratory judgment against the defendant Board of Trustees of the Firemen's Pension Fund (Board), requesting a finding that he is entitled to a retirement pension based on the salary attached to the rank of captain as of the date of his retirement. In an order entered November 11, 1984, the circuit court found that (1) Swibaker was not permanently retired from the fire department as of January 1, 1982; (2) Swibaker was in service as a fire department employee on January 1, 1982; and (3) Swibaker is entitled to a retirement pension based on the salary attached to his rank at the time he elects to permanently retire. The Board appeals this order.

At the time that Swibaker began receiving his disability pension, the relevant statute provided:

> "A fireman who completes 20 years of service and is age 50 or more, and who is on the disability pension roll under the foregoing sections, may, at his option, by written application to the Board, continue to receive, in lieu of any amounts which otherwise would be payable to him under Section 4—109 of this Article, a retirement pension for the remainder of his life, of 1/2 of his monthly salary at the date of his retirement on disability. A fireman electing to exercise such option shall be entitled as creditable service, in addition to the periods included in computing a fireman's service under such Section 4—109 for the time he was on disability. The exercise of such option shall render the fireman ineligible thereafter to receive any additional pension payments under any other provisions of this Article." (Ill. Rev. Stat. 1971, ch. 108½, par. 4—113.)

This same provision was subsequently amended to read:

> "A fireman who is on the disability pension rolls who has accumulated enough creditable service as defined in Section 4—

108 to qualify for a service retirement pension and is age 50 or more may elect to permanently retire from the fire service at any time by submitting written application to the Board. The salary computation of such pension shall be based on the salary attached to the rank he held in the fire service at the date of his election to retire. All other conditions for pension computations shall be based upon the conditions of Section 4—109 of this Act which were applicable to the fireman while he was in service as an employee. A fireman electing to exercise such option shall be entitled to automatic increase benefits as provided in subdivision (a) of Section 4—109.1." (Ill. Rev. Stat. 1981, ch. 108½, par. 4—113(b) (effective January 1, 1982).)

Presently, this provision provides:

"A firefighter who is receiving a disability pension under this Article who has sufficient creditable service to qualify for a retirement pension and is age 50 or more may elect to permanently retire from the fire service at any time by submitting written application to the board. The salary to be used in the determination of such firefighter's pension shall be based on the salary attached to the rank held by the firefighter in the fire service at the date of the election to retire. All other conditions in the computation of the pension shall be based upon the provisions of Section 4—109 which were applicable to the firefighter while he or she was in active service as an employee. A firefighter electing to exercise such option shall be entitled to the automatic increase in pension provided under subsection (a) of Section 4—109.1." Ill. Rev. Stat., 1984 Supp., ch. 108½, par. 4—113(b) (effective January 1, 1985).

■ The Board first contends that the 1982 and 1985 amended versions of section 4—113(b) of the Illinois Pension Code (Code) are inapplicable to Swibaker, and that the circuit court's order is thus erroneous, because of section 1—103.1 of the Code, which provides:

"Amendments to this Code which have been or may be enacted shall be applicable only to persons who, on or after the effective date thereof, are in service as an employee under the retirement system or pension fund covered by this Article which is amended, unless the amendatory Act specifies otherwise." (Ill. Rev. Stat. 1983, ch. 108½, par. 1—103.1.)

The Board asserts that Swibaker was not an in-service employee at the time of the 1982 and 1985 amendments to section 113—4 of the Code, and also asserts that those sections, as amended, do not specify that they are applicable to persons not in service at the time of the

amendments thereto.

The Board's contention that Swibaker was not an in-service employee at the time of the 1982 and 1985 amendments to section 4—113 overlooks the language of the 1985 amendment of that section, which provides:

"[A]ll other conditions in the computation of the pension shall be based upon the provisions of Section 4—109 which were applicable to the firefighter while he or she was in active service as an employee." (Ill. Rev. Stat., 1984 Supp., ch. 108½, par. 113(b).)

In our view, this language demonstrates a legislative intent that a firefighter who is receiving a disability pension is to be considered as. in service, although not in active service. The fact that the word "active" was included. in the above-quoted sentence after this sentence had first appeared without that word in the 1982 amended version of section 4—113 supports the conclusion that the legislature, through use of this word, intended that there be two classes of "in-service" firefighters, those receiving disability benefits and those on active duty. Moreover, Swibaker states, and the Board does not contest, that a firefighter receiving disability benefits is at least technically subject to being recalled to service with the fire department if there is available a departmental position suited to his physical and mental capabilities.

■ Also as part of its argument that the 1982 and 1985 amendments to section 4—113 are inapplicable to Swibaker because he was not in active service at their effective dates, the Board relies on the provision of the Code dealing with the status of firefighters for the purpose of determining the composition of the boards of trustees of firemen's pension funds. (Ill. Rev. Stat. 1983, ch. 108½, par. 4—121.) In addition to this provision, the Board also relies on various portions of the Code relating to firefighters which were in effect prior to 1982, which referred to the status of firemen receiving disability pensions as "retirement" or "retired." (Ill. Rev. Stat. 1979, ch. 108½, pars. 4—109.1(c), 4—110 through 4—114.) Suffice it to say that none of those provisions deal with the precise question involved here—the salary on which a firefighter's retirement pension converted from a disability pension is to be predicated.

Our conclusion that firefighters who are receiving disability benefits are "in-service" employees for purposes of section 1—103.1 of the Code also disposes of the Board's argument that the 1982 and 1985 amended versions of section 4—113 do not adequately specify their applicability to persons receiving disability benefits on their effective

dates, for if an employee is in service at the time of an amendment, such language is, in view of section 1—103.1, unnecessary in order to render the amendment applicable to him. Even if this were not so, we would nevertheless be constrained to hold that the 1982 and 1985 amendments to section 4—113 are applicable to Swibaker, for in our view the amendments clearly specify their applicability to persons receiving disability pensions at the time of their enactment. Our basis for this conclusion is the inclusion of the word "is" in the phrase "a firefighter who is receiving a disability pension under this Article who has sufficient creditable service to qualify for a retirement pension" in the 1985 amendment to section 4—113, as well as the inclusion of the word "is" in the phrase "a fireman who is on the disability pension rolls who has accumulated enough creditable service as defined in Section 4—108" included in the 1982 amendment. If the legislature had intended that the amendments not apply to firefighters then receiving disability benefits, language such as "firefighter receiving a disability benefit" or "a firefighter on the disability rolls" would have sufficed. Thus, interpretation of section 4—113 as not applying to firefighters receiving disability benefits would render the word "is" which precedes the phrases "on the disability rolls" in the 1982 amended version of section 4—113 and the word "receiving" in the 1985 amended version, superfluous, and would violate the principle of statutory construction that each word, sentence or clause contained in a statute must, if possible, be given some reasonable meaning. *Kozak v. Board of Trustees* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.

■ The Board also asserts that allowing Swibaker to collect pension benefits at the higher rate provided for by the 1982 and 1985 amendments to section 4—113 would amount to the unconstitutional expenditure of public funds for a private purpose, since Swibaker has performed no additional services in exchange for the increased benefits. (See *Ziebell v. Board of Trustees* (1979), 73 Ill. App. 3d 894, 392 N.E.2d 101.) However, the Board has waived this point by not raising it prior to the filing of its reply brief. 87 Ill. 2d R. 341(e)(7).

In sum, the language of the 1982 and 1985 amendments to section 4—113 reflects a legislative intent that firefighters receiving disability pensions at the time of the enactment of the amendments be regarded as active-service employees entitled to the increased pensions provided for by the amendments. Moreover, interpreting the amendments as applicable to firefighters receiving disability benefits at the time of their enactment is consistent with the principle that pension statutes should be liberally construed in favor of those sought to be benefited thereby. (*Kozak v. Board of Trustees* (1983), 95 Ill. 2d 211, 447 N.E.2d

394.) We therefore hold that the circuit court properly rules that Swibaker's retirement pension is to be computed on the basis of the salary attached to his rank at the time that he elects to permanently retire.

Affirmed.

MORTHLAND, J., concurs.

PRESIDING JUSTICE McCULLOUGH, dissenting:
The payment of an increased pension to Swibaker based on the salary of a fire captain at the time of Swibaker's election to transfer from disability to retirement would be violative of the constitutional provision prohibiting the expenditure of public funds for private purposes (Ill. Const. 1970, art. VIII, sec. 1). The majority indicates that this question has been waived by the Board because it was not raised prior to the filing of its reply brief. 87 Ill. 2d R. 341(e)(7).

This court should consider this question because it is necessary to achieve a just result and maintain a uniform body of precedent. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.) Because the payment of an increased pension to Swibaker under the circumstances present would constitute an expenditure of public funds for a private purpose, section 4—113 is inapplicable to persons such as Swibaker.

In *Ziebell v. Board of Trustees* (1979), 73 Ill. App. 3d 894, 898, 392 N.E.2d 101, 104, the court stated in part:

"[U]nder plaintiff's construction of the amended statute, the pension to which he would become entitled when he reached the age of 50 was increased without requiring any payments into the fund by him. But such a construction would render the statute unconstitutional as permitting the expenditure of public funds for private purposes. (Ill. Const. 1970, art. VIII, sec. 1(a); *Porter v. Loehr* (1928), 332 Ill. 353, 163 N.E. 689.)"

Article VIII, section 1(a), of the 1970 Illinois Constitution provides:

"(a) Public funds, property or credit shall be used only for public purposes." Ill. Const. 1970, art. VIII, sec. 1(a).

Under the plaintiff's construction, he would not be required to contribute any additional money to the pension fund in order to receive the pension increase established by the amendment. Such a result is not constitutionally permitted.

The decision of the trial court should be reversed.