HARRY W. COOPER, Plaintiff-Appellee, v. THE RIVER FOREST FIREMEN'S PENSION BOARD OF THE VILLAGE OF RIVER FOREST *et al.*, Defendants-Appellants.

First District (5th Division)   No. 85—1083

Opinion filed July 2, 1987.

Richard S. Ratcliff, of Chicago, for appellant Village of River Forest.

LeRoy W. Gudgeon, of Northfield, for other appellants.

Dennis M. Farrell, of Phoenix, Arizona, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Harry W. Cooper, a firefighter since 1951, received an off-duty injury in 1973 and was granted a nonduty disability pension by defendant River Forest Firemen's Pension Board of the village of River Forest (board). At the time of the injury Cooper was 47 years old and had 21 years and 11 months of active service.

In 1981 Cooper wrote the board that he would permanently retire from the fire department on January 1, 1982. The board ruled that if Cooper retired he would be paid a retirement pension based on the salary of a firefighter in 1973, the year Cooper went on disability pension, rather than a retirement pension based on the salary of a firefighter in 1982, the year of Cooper's permanent retirement. Cooper appealed the board's decision in a complaint for administrative review filed in the circuit court of Cook County.

Cooper argued before the trial court that he had over 20 years of credible service when he went on disability and that during his disability he could be called back to work as a firefighter. Cooper said Dwight Anderson, a deputy director of the State of Illinois Department of Insurance, said that a pension should be computed at an employee's salary at the time the employee went on pension and not when the employee went on disability. Cooper said a staff attorney in the Department of Insurance concurred with Deputy Director Anderson.

Cooper argued that there are three requirements which must be satisfied for a firefighter to receive a regular service pension. Those three requirements are (1) 20 years of credible service; (2) the firefighter is over 50 years old; and (3) the firefighter submits to the board his written application to retire. Cooper argued that he fulfilled each of the three requirements in that he had over 20 years of credible service, he was 59 years old and he submitted his application to retire to the board.

The board argued that when Cooper began receiving a nonduty

disability pension, section 1—103.1 of the Pension Code of Illinois (Ill. Rev. Stat. 1971, ch. 108½, par. 1—103.1) stated that any amendments to the Code would apply only to those persons who were in service as an employee under the retirement system on and after the effective date of the amendments. Cooper was not an employee of the River Forest fire department and was not a member of the pension fund on January 1, 1982, when the Code was amended, the board said, and he was not entitled to the increases in the pension upon his retirement "because he was not vested at that time with those things." The board argued that any additional compensation Cooper received would be improper because such compensation would be an expenditure of public funds for a private use.

The trial court reversed the board's decision and ruled that the amount of Cooper's pension should be based on the salary of a firefighter of Cooper's rank as of January 1, 1982, the day Cooper elected to permanently retire. We affirm.

We are called to decide whether Cooper is entitled to a pension based on the salary of a firefighter of his rank in 1973 when Cooper began receiving his disability pension or on the salary of a firefighter of his rank in 1982 when Cooper elected to permanently retire.

When Cooper began receiving his disability pension in 1973, section 4—113 of the Illinois Pension Code (Ill. Rev. Stat. 1971, ch. 108½, par. 4—113) provided in part:

> "A fireman who completes 20 years of service and is age 50 or more, and who is on the disability pension roll *** may, at his option, by written application to the Board, continue to receive *** a retirement pension for the remainder of his life, of ½ of his monthly salary at the date of his retirement on disability."

Section 4—113 was amended by Public Act 82-267, sec. 1, effective January 1, 1982, the day Cooper elected to permanently retire, to read:

> "A fireman who is on the disability pension rolls who has accumulated enough creditable service as defined in Section 4—108 to qualify for a service retirement pension and is age 50 or more may elect to permanently retire from the fire service at any time by submitting written application to the Board. *The salary computation of such pension shall be based on the salary attached to the rank he held in the fire service at the date of his election to retire.* All other conditions for pension computation shall be based upon the conditions of

Section 4—109 of this Act which were applicable to the fireman while he was in service as an employee. A fireman electing to exercise such option shall be entitled to automatic increase benefits as provided in subdivision (a) of Section 4—109.1" (Emphasis added.) Ill. Rev. Stat. 1981, ch. 108½, par. 4—113.

Section 4—113 was amended by Public Act 83—1440 and presently reads in part:

"A firefighter who is receiving a disability pension under this Article who has sufficient creditable service to qualify for a retirement pension and is age 50 or more may elect to permanently retire from the fire service at any time by submitting written application to the board. The salary to be used in the determination of such firefighter's pension shall be based on the salary attached to the rank held by the firefighter in the fire service at the date of the election to retire." Ill. Rev. Stat. 1985, ch. 108½, par. 4—113(b).

The trial in the instant case commenced in 1984. Briefs were filed in this court in 1985. The question presented in this case—the year on which a firefighter's pension should be based when he or she elects to permanently retire—was decided by the appellate court in *Swibaker v. Board of Trustees Firemen's Pension Fund* (1986), 140 Ill. App. 3d 550, 488 N.E.2d 1052, after the events in this case occurred.

The question presented in *Swibaker* was whether a firefighter who was receiving a disability pension on the effective date of the amendment to section 4—113, January 1, 1982, was entitled to convert his disability pension into a retirement pension calculated on the basis of his rank when he elected to retire.

Swibaker began receiving disability benefits in 1972 after 22 years of active service as a firefighter. He was 50 years old, held the rank of captain and, when he elected to permanently retire, he contended that his retirement pension should be based on the salary of his rank of captain as of the date of his retirement. Swibaker's contention was rejected and he filed a complaint for declaratory judgment against the board.

Like the board in the case at bar, the board in *Swibaker* argued that the 1982 effective date of the amendment to section 4—113 was inapplicable to Swibaker because he was not an in-service employee at that time and because the amendment did not specify that it was applicable to persons not in service at the time of the amendment.

The appellate court in *Swibaker* ruled that a firefighter receiving

disability benefits should be considered an in-service employee and concluded:

"[T]he language of the 1982 and 1985 amendments to section 4—113 reflects a legislative intent that firefighters receiving disability pensions at the time of the enactment of the amendments be regarded as active-service employees entitled to the increased pensions provided for by the amendments. Moreover, interpreting the amendments as applicable to firefighters receiving disability benefits at the time of their enactment is consistent with the principle that pension statutes should be liberally construed in favor of those sought to be benefited thereby. (*Kozak v. Board of Trustees* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.) We therefore hold that the circuit court properly rule[d] that Swibaker's retirement pension is to be computed on the basis of the salary attached to his rank at the time that he elects to permanently retire." *Swibaker v. Board of Trustees Firemen's Pension Fund* (1986), 140 Ill. App. 3d 550, 554-55, 488 N.E.2d 1052.

Our research has not revealed any authority more persuasive than *Swibaker*. The facts of *Swibaker* are, we believe, dispositive of the issues in the case before us. The facts in *Swibaker* and those here are strikingly similar. Cooper began receiving disability benefits in 1973 after 20 years in active service as a firefighter. Swibaker began receiving disability benefits in 1973 after 22 years in active service. Cooper was 47 years old. Swibaker was 50 years old. Cooper elected to permanently retire in 1982 and in 1984 filed a complaint against the board alleging he was entitled to a retirement pension based on the salary of a firefighter of his rank as of the date of his retirement. In 1984 Swibaker filed a similar complaint against the board of trustees of the Firemen's Pension Fund.

Applying the principles enunciated in *Swibaker* to the instant case, and in response to the issues the board raises on appeal, *i.e.*, whether section 1—103.1 of the Code precludes Cooper from using the amendatory language of section 4—113 and whether Cooper is entitled to increased pension benefits, we conclude that the amendments to section 4—113 apply to Cooper, who was receiving a disability pension at the time of the enactment of the amendments and should be considered an in-service employee. Like the appellate court in *Swibaker*, we hold that the trial court properly ruled in the instant case that Cooper's retirement pension is to be computed on the basis of the salary of his rank at the time he elected to permanently retire. And, as the court held in *Kuhlman v. Board of Trust-*

*ees of the Police Pension Fund* (1982), 106 Ill. App. 3d 603, 608, 435 N.E.2d 1307, when the board argued that the increased pension to the plaintiff constituted an unconstitutional expenditure of public funds, "There is no unconstitutional expenditure of public funds for private purposes when the State is contractually obligated to pay the amount in question."

In a counterclaim Cooper appeals the trial court's denial of his request for costs and attorney fees. We reject Cooper's novel contention wherein he cites no authority for his proposition that by bringing this cause of action and by "reaffirming the rights of the Board" and board members, he was acting as an employee of the board.

Section 1—108 states:

"In any proceeding commenced against an employee of a pension fund, alleging a civil wrong arising out of an act or omission occurring within the scope of the employee's pension fund employment, unless the court or the jury finds that the conduct which gave rise to the claim was intentional, wilful or wanton misconduct, the pension fund shall indemnify the employee for any damages awarded and court costs and attorneys' fees assessed as part of any final and unreversed judgment and any attorneys' fees, court costs and litigation expenses incurred by the employee in defending the claim." Ill. Rev. Stat. 1985, ch. 108½, par. 1—108.

Cooper was a full-time firefighter for the village of River Forest. This action was not commenced against an employee. Section 1—108 therefore does not apply. The trial court's denial of Cooper's request for costs and attorney fees is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.